# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DUANE YATES,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN FAYRAM,<br><br>    Respondent. | No. C14-0134<br><br>ORDER REGARDING<br>"RESISTANCE TO ORDER" FILED<br>BY PETITIONER ON APRIL 24, 2015 |

This matter comes before the Court on the "Resistance to Order Dated 4/3/15 and Notice of Plaintiff was not Serviced on Any Motion to Seal Documents" (docket number 15) filed by Petitioner Duane Yates on April 24, 2015, and the Reply (docket number 16) filed by Respondent John Fayram on April 27, 2015. In his "resistance," Yates asks the Court to set aside its Order Granting Motion to File Under Seal (docket number 13) filed on April 3, 2015. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

On December 29, 2014, Yates filed a petition under 28 U.S.C. § 2254 for writ of *habeas corpus* by a person in state custody, challenging certain disciplinary action that was taken while he was an inmate at the Anamosa State Penitentiary. Following an initial review, Chief Judge Linda R. Reade ordered Fayram to file an answer not later than March 13, 2015. Fayram filed an answer on that date.

Three days earlier, on March 10, Fayram filed a "Motion to Seal Documents for Ex Parte, In Camera Review." In his motion and supporting brief, Fayram asked that he be permitted to submit part of the underlying state court documents under seal for an *in camera* review. Specifically, Fayram asked that "Exhibit C" be filed in this manner. The

proof of service on the motion shows a copy being mailed to Yates on March 10, at the Iowa State Penitentiary, where he now resides.

On March 16, 2015, Fayram electronically filed the state court documents. The filing shows 60 numbered documents, totaling approximately 242 pages. Fayram served Yates with 222 pages of the record, but did not provide Yates with a copy of Exhibit C, consisting of 20 pages. Fayram subsequently provided the Court with hard copies of the state court documents, with Exhibit C placed in a sealed envelope.

Exhibit C consists of various incident reports and memoranda describing the investigation underlying the disciplinary action. Among other things, the reports describe the statements of inmate witnesses. On April 3, 2015, the Court granted Fayram's motion to file Exhibit C under seal, noting that Yates had not filed a resistance to the motion, and the time for doing so had expired.

On April 24, Yates filed the instant "resistance," asking that the Court's order be set aside because he was not served with a copy of the motion.[1] In her reply, Fayram's attorney states that a copy of the motion and brief were mailed to Yates on March 10, and has not been returned. Fayram asserts that "[i]t is disingenuous for Petitioner to claim that he did not receive same."

It is clear the Court may order confidential documents be filed under seal. Iowa Code § 904.602(9) provides that "records which could result in physical or psychological harm to another person or the supervised individual or adversely affect an investigation into a supervised individual's possible violation of departmental rules, shall not be disclosed without a court order." The disclosure of otherwise confidential material is

---

[1] In his "resistance," Yates stated he received a copy of the Court's April 3 Order on April 17. A review of the notice of electronic filing shows a copy was inexplicably mailed to Yates at the Fort Dodge Correctional Facility on April 3. Yates sent a notice to the Clerk on April 8, reminding him that he now resides at the prison in Ft. Madison.

authorized if it is "necessary" to a court proceeding. Iowa Code § 904.602(12). "The review of the court may, however, limit the confidential information to an in camera inspection where the court determines that the confidential nature of the information needs to be protected." *Id.*

The Iowa Supreme Court has specifically held that confidential information in prison disciplinary actions may be submitted under seal.

> We have held that confidential information statements may provide sufficient evidence for prison disciplinary action. However, neither prison inmates nor their attorneys have absolute due process rights to confront or cross-examine informants supplying such information. Thus, prison officials are entitled to exercise discretion in refusing to disclose the identity of confidential informants in order that the safety of such persons will not be jeopardized.

*James v. State*, 479 N.W.2d 287, 291 (Iowa 1991) (citations omitted). The Eighth Circuit Court of Appeals has reached the same conclusion.

> Because disclosing the identity of prison informants may jeopardize their safety and prison security, we have upheld non-disclosure when there is a valid reason for keeping the information confidential and a determination that the confidential informant is reliable, for example, by in camera judicial review of the confidential information.

*Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir. 2002).

Furthermore, a confidential informant's statements alone may satisfy the "some evidence" requirement to support the disciplinary decision. Under those circumstances, however, there must be some indication that the confidential informant is reliable. *See James*, 479 N.W.2d at 291 ("When an inmate is disciplined on the basis of confidential information, however, his interest in a fair hearing requires that there be some indication of the confidential informant's reliability."). However, the reliability of the confidential informant need not be addressed when other evidence satisfies the "some evidence"

3

standard. *See Espinoza*, 283 F.3d at 952 ("A reviewing court must examine the reason for non-disclosure and the reliability of the confidential informant only in cases where the confidential information is needed to satisfy the some evidence standard.").

At this point in the proceeding, the Court concludes that there is good reason not to disclose the confidential material. If the state court had "some evidence" to support the disciplinary action without relying on the confidential information, then disclosure is not required. *Id.* ("When there is other evidence supporting the disciplinary decision, due process is satisfied 'without determining the reliability of the confidential informant' or the institutional reasons for non-disclosure." (quoting *Turner v. Caspari*, 38 F.3d 388, 393 (8th Cir. 1994)). If the state court relied on the confidential information in upholding the prison discipline, disclosure of the material is still not required if there was "sufficient information in the record to convince a reviewing authority that the disciplinary committee undertook such inquiry and correctly concluded that the confidential information was credible and reliable." *James*, 479 N.W.2d at 291.

I make no judgment regarding the merits of this action. Chief Judge Reade will determine whether the state court properly denied Yates' petition for post conviction relief. I conclude only that Exhibit C need not be produced for discovery at this time. Because Fayram's motion to seal should be granted on its merits, I find it unnecessary to determine whether Yates initially received a copy of the motion.

## ORDER

IT IS THEREFORE ORDERED that the "Resistance" (docket number 15) filed by Yates, seeking a review of the Court's Order to seal is hereby **DENIED**.

DATED this 27th day of April, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA