# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

|  |  |  |
|---|---|---|
| DUANE YATES, | | |
| Petitioner, | | No. C14-0134-LRR |
| vs. | | |
| JOHN FAYRAM, | | ORDER |
| Respondent. | | |

This matter appears before the court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 1). On December 29, 2014, the petitioner submitted his application for a writ of habeas corpus. On January 28, 2015, the court directed the respondent to address the petitioner's claims (docket no. 4). On March 13, 2015, the respondent complied with the court's order by filing an answer (docket no. 10). On the same date, the court established a briefing schedule (docket no. 11). On March 16, 2015, the respondent filed the disciplinary record, which included confidential information, and the state court record (docket nos. 12 & 25). On June 22, 2015, the petitioner filed a brief (docket no. 20). On September 10, 2015, the respondent filed a response brief (docket no. 24). The court now turns to consider the petitioner's application for a writ of habeas corpus.

With respect to whether an evidentiary hearing is warranted, 28 U.S.C. § 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Due to the limits set forth in 28 U.S.C. § 2254(e)(2), the court concludes that an evidentiary hearing is not warranted. *See Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002) (discussing constraints on district court's discretion to hold an evidentiary hearing); *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (discussing standard for conducting an evidentiary hearing under 28 U.S.C. § 2254(e)(2)); *Kinder v. Bowersox*, 272 F.3d 532, 542 (8th Cir. 2001) (finding it was proper for district court not to hold an evidentiary hearing because the petitioner did not meet the requirements of 28 U.S.C. § 2254(e)(2)); *Parker v. Kemna*, 260 F.3d 852, 854 (8th Cir. 2001) (same); *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001) (same); *cf. Johnston v. Luebbers*, 288 F.3d 1048, 1058-60 (8th Cir. 2002) (assuming that 28 U.S.C. § 2254(e)(2) did not bar the district court from granting an evidentiary hearing and denying the petitioner an evidentiary hearing because such a hearing would not assist in the resolution of his claim).

It is clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nonetheless, "due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits." *Superintendent v. Hill*, 472 U.S. 445, 453 (1985) (citing *Wolff*, 418 U.S. at 556-58).

> Where a prison disciplinary hearing may result in the loss of
> good time credits, . . . [an] inmate must receive: (1) advance
> written notice of the disciplinary charges; (2) an opportunity,
> when consistent with institutional safety and correctional goals,
> to call witnesses and present documentary evidence in his
> defense; and (3) a written statement by the factfinder of the
> evidence relied on and the reasons for the disciplinary action.

*Hill*, 472 U.S. at 454 (citing *Wolff*, 418 U.S. at 563-67); *see also Dible v. Scholl*, 506

F.3d 1106, 1110 (8th Cir. 2007) (making clear that a prisoner must receive advance

written notice of a charge, an opportunity to call witnesses and present a defense and a

written statement of the evidence relied upon by the fact finder and the reasons for the

disciplinary action).  Further, due process requires that a prison disciplinary board

establish its factual findings by using "some evidence" as the standard of proof.  *Hill*, 472

U.S. at 454; *see also Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) (making clear

that a disciplinary decision must be supported by some evidence in the record); *Goff v.*

*Dailey*, 991 F.2d 1437, 1440-42 (8th Cir. 1993) (same).  "'This standard is met if 'there

was some evidence from which the conclusion of the administrative tribunal could be

deduced . . . .'" *Hill*, 472 U.S. at 455 (quoting *United States ex rel. Vajtauer v.*

*Commissioner of Immigration*, 273 U.S. 103, 106 (1927)).

> Ascertaining whether this standard is satisfied does not require
> examination of the entire record, independent assessment of
> the credibility of witnesses, or weighing of the evidence.
> Instead, the relevant question is whether there is any evidence
> in the record that could support the conclusion reached by the
> disciplinary board.

*Id*. at 455-56.  "Thus, courts are to give deference to prison officials and should intercede

in prison discipline cases only when the sanctions are wholly unsupported by the record."

*Gomez v. Graves*, 323 F.3d 610, 612 (8th Cir. 2003).

    With respect to the merits of the petitioner's claims, the court deems it appropriate

to deny the application for a writ of habeas corpus for the reasons stated in the response

brief that the respondent filed.  The response brief adequately sets forth the law that is

applicable to the petitioner's claims. Specifically, the respondent correctly concluded that the petitioner failed to adequately present his claims to the state courts as he is required to do if he seeks habeas corpus relief, the petitioner cannot raise procedurally defaulted claims and/or the petitioner is not entitled to habeas relief because he received due process during his disciplinary proceedings.

Moreover, after thoroughly reviewing the record, the court finds that relief is not available under either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2).[1] In his post-conviction relief action, the petitioner argued that: (1) the notice was improper or untimely, (2) the statement of the evidence relied upon or the reasons for the decision was inadequate (3) and the decision was improper. More specifically, the petitioner asserted that the length of the investigation and the amount of time he spent in lockup after a corrections officer discovered him having oral sex with another inmate violates his due

---

[1] The court only addresses the petitioner's discipline for sexual misconduct because the petitioner's other discipline did not involve the loss of earned time. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus is the only federal remedy available if a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release); *Deloria v. Lightenberg*, 400 F. App'x 117, 118 (8th Cir. 2010) (same). Moreover, the record indicates that an adequate and independent basis bars review of the petitioner's other discipline under 28 U.S.C. § 2254(d). Stated differently, the court is precluded from considering the petitioner's other discipline because the courts of Iowa already determined that the 90-day statute of limitation contained in Iowa Code section 822.3 barred the petitioner from obtaining post-conviction relief. *See Cagle v. Norris*, 474 F.3d 1090, 1098 (8th Cir. 2007) (determining that review of procedurally barred claim is limited); *Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004) (concluding that district court correctly found that petitioner's claims were procedurally defaulted and barred unless he could show "cause" and "actual prejudice" for the procedural default"); *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (explaining that a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state-law basis, including a state court determination that a claim has been lost because of default); *Murray v. Hvass*, 269 F.3d 896, 898-99 (8th Cir. 2001) (same); *Owsley v. Bowersox*, 234 F.3d 1055, 1058-59 (8th Cir. 2000) (same); *Burr v. Snider*, 234 F.3d 1052, 1055 (8th Cir. 2000) (same).

process and equal protection rights, the disciplinary process violated his liberty interests and a non-neutral ALJ found him guilty. The Iowa courts' analysis of the petitioner's claims is not an objectively unreasonable application of clearly established federal law, and the evidence was sufficient for the ALJ to find the petitioner guilty. In light of the record, it cannot be said that the petitioner's disciplinary proceedings failed to satisfy the procedural requirements prescribed in *Wolff*. Indeed, the record indicates that the petitioner received: (1) written notice on June 3, 2013, (2) a full and fair hearing and (3) written findings on June 11, 2013. Moreover, because the petitioner admitted that he engaged in consensual oral sex with another inmate and a corrections officer observed the petitioner while he was engaged in consensual oral sex with another inmate, there is more than "some evidence" in the record to support the determination that the ALJ made. *See Espinoza v. Peterson*, 283 F.3d 949, 952-53 (8th Cir. 2002) (finding "some evidence" standard met); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (same). In sum, the court concludes that: (1) the Iowa courts' adjudication of the petitioner's claims neither resulted in a decision contrary to clearly established federal law nor involved an unreasonable application of clearly established federal law; and (2) the Iowa courts' rulings did not result in a decision that was based on an unreasonable determination of the facts in light of the introduced evidence. *See* 28 U.S.C. § 2254(d). Accordingly, the petitioner's application for a writ of habeas corpus shall be denied.

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a

constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims that he raised. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his claims, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The petitioner's 28 U.S.C. § 2254 application (docket no. 1) is denied.

2) A certificate of appealability is denied.

**DATED** this 29th day of September, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA